```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PENG BAI,
                    Plaintiff,
      - against -
FU XING ZHUO, ET AL.,
                    Defendants.
-------------------------------------------------------x
```
MEMORANDUM AND ORDER

13 Civ. 05790 (ILG) (SMG)

GLASSER, Senior United States District Judge:

Plaintiff Peng Bai ("Bai") sues, on behalf of a putative class, defendants Chi Fong Empire, Inc. ("Chi Fong"), Yeh Shui Empire, Inc. ("Yeh Shui"), Wan Hui Empire, Inc. ("Wan Hui"), 179 Smith St., LLC ("179 Smith St."), Queens Empire Buffet, Inc. ("Queens Empire"), Grand Empire, Inc. ("Grand Empire"), Zhi Quan Lin ("Lin"), Blue Sky EEE, Inc. ("Blue Sky"), and Fu Xing Zhuo ("Zhuo"). Bai alleges that the Defendants, as operators of a restaurant called Empire Buffet, violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York State Labor Law and related regulations ("NYLL"), N.Y. LAB. LAW § 1 et seq.; N.Y. COMP. CODES R. & REGS. tit. 12, § 146-2.1 et seq. Lin and 179 Smith St. (together "Moving Defendants") move to dismiss the claims against them for failure to state a claim. The motion, construed as one for judgment on the pleadings, is GRANTED without prejudice to the filing of a second amended complaint.

## BACKGROUND

The following facts are taken from Bai's complaint as well as extrinsic documents the Court may consider in ruling on this motion. Bai worked as a busser at the Empire Buffet restaurant in Howard Beach, New York, from October 2, 2004, to May 20, 2013.

He alleges that he worked between 62 and 74 hours at the restaurant each week, but Empire Buffet paid him only $250 to $600 per month—less than minimum wage. Nor did the restaurant pay him legally mandated wage premiums for shifts more than 10 hours or work weeks more than 40 hours. Empire Buffet also allegedly retained the tips left for the wait staff and bussers. Lastly, the restaurant failed to post information from the federal and New York State governments about the employees' rights.

Bai alleges that from the time he began working at Empire Buffet until May 6, 2011, six companies "at various times" operated Empire Buffet: Chi Fong, Yeh Shui, Wan Hui, 179 Smith St., Queens Empire, and Grand Empire. Bai also alleges, upon information and belief, that Lin was the "managing director" of each of these companies and the "sole proprietor" of Empire Buffet during this period. Bai submits public records showing that 179 Smith St. was until last year located at the same address as Empire Buffet.[1] He alleges that a new company called Blue Sky began operating and doing business as Empire Buffet on May 7, 2011, and that Zhuo is the "sole proprietor" of Blue Sky. Bai claims that Lin and later Zhuo acted as his employers under federal and New York State law and that they "had the power to hire and fire employees, set wages, set terms and conditions of employment, and maintain employment records of all employees, including the Plaintiff" and upon information and belief "did in fact hire and fire employees, [and] set wages, terms and conditions of employment for all employees, including the Plaintiff."

Bai filed his initial complaint on October 23, 2013, and an amended complaint on November 13, 2013. Defendants Blue Sky and Zhuo filed an answer on December 11,

---

[1] Public records available on the website for the New York State Department of State also show that the other five corporations were located at the same address as the restaurant.

2013, and Defendants 179 Smith St. and Lin filed an answer on January 17, 2014.[2] Defendants 179 Smith St. and Lin filed what they call a motion to dismiss for failure to state a claim on April 9, 2014. Bai filed a response in opposition to the motion on April 23, 2014. Defendants 179 Smith St. and Lin filed a reply in support of the motion on May 20, 2014. Also pending is a motion for conditional class certification, though that motion has been stayed until the motion to dismiss is resolved.

## DISCUSSION

### I. Legal Standard

Although Moving Defendants style their motion as one to dismiss, this Court construes it as one for judgment on the pleadings because it was made after they filed their answer. See Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). Regardless, the standard is the same: "[W]e will accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiff]'s favor. To survive a Rule 12(c) motion, [plaintiff]'s complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Johnson v. Rowley, 569 F.3d 40, 43–44 (2d Cir. 2009) (internal citations and quotations omitted). Although detailed factual allegations are not necessary, mere legal conclusions, "a formulaic recitation of the elements of a cause of action," or "naked assertions" by the plaintiff will not suffice. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted).

---

[2] The remaining defendants were served with the initial and amended complaints—a woman at Lin's home address accepted service on behalf of the remaining defendants, all of which have been dissolved—but have not filed answers.

**II. Evidence**

Both parties have submitted evidence in support of their motions. Bai has submitted public records about 179 Smith St.'s business address and an affidavit bolstering his allegations that Lin was his employer. The Moving Defendants have submitted an affidavit from an owner of 179 Smith St. and a transcript from the deposition of Lin.

In addressing a motion for judgment on the pleadings, the Court may consider the pleadings, documents attached to or incorporated by reference in or integral to the pleadings, and matters of which the Court may take judicial notice. L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 422 (2d Cir. 2011). The Court considers the public records Bai submitted because it may take judicial notice of them. See Schubert v. City of Rye, 775 F. Supp. 2d 689, 696 n.2 (S.D.N.Y. 2011). But the Court does not consider the affidavits or deposition transcript, as they were not attached to, incorporated in, or integral to the pleadings.

**III. Analysis**

Moving Defendants argue that Bai has not adequately alleged that either of the Moving Defendants was his employer. Specifically, they argue that Bai's allegations that 179 Smith St. operated Empire Buffet and that Lin controlled Bai's employment are conclusory.

A party must be considered an employer to be liable pursuant to the FLSA and NYLL. The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and the NYLL as "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as

employer," N.Y. LAB. LAW § 651(5). Given the breadth of these definitions, "the determination of whether an employer-employee relationship exists for purposes of the FLSA [and NYLL] should be grounded in 'economic reality rather than technical concepts.'" Barfield v. N.Y.C. Health & Hosp. Corp., 537 F.3d 132, 141 (2d Cir. 2008) (quoting Goldberg v. Whitaker House Coop, Inc., 366 U.S. 28, 33 (1961)); see also Chen v. St. Beat Sportswear, Inc., 364 F. Supp. 2d 269, 278 (E.D.N.Y. 2005) (explaining that Courts read the FLSA and NYLL definitions of "employer" coextensively and thus the same analysis applies under both statutes). Whether a party is an employer is thus "to be determined on a case-by-case basis by review of the totality of the circumstances." Barfield, 537 F.3d at 141–42 (citing Carter v. Dutchess Cmty. Coll., 735 F.2d 8, 12 n.1 (2d Cir. 1984)); see also Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 139 (2d Cir. 1999). Relevant circumstances include whether the party has the power to 1) hire and fire employees, 2) supervise and control employee work schedules or conditions of employment, 3) determine the rate and method of payment, and 4) maintain employment records. Velez v. Sanchez, 693 F.3d 308, 326 (2d Cir. 2012). A court may also consider any other factors it deems relevant. Zheng v. Liberty Apparel Co., 355 F.3d 61, 71–72 (2d Cir. 2003). A corporate officer may be considered an employer if "the individual has overall operational control of the corporation, possesses an ownership interest in it, controls significant functions of the business, or determines the employees' salaries and makes hiring decisions." Ansoumana v. Gristede's Operating Corp., 255 F. Supp. 2d 184, 192–93 (S.D.N.Y. 2003) (quotations and citations omitted).

  Bai's allegations that 179 Smith St. and Lin controlled the conditions of his employment are too vague and confusing to survive a motion for judgment on the pleadings. There are four problems with Bai's allegations. First, his allegations are

unclear as to who owned and operated Empire Buffet from October 2, 2004, to May 6, 2011. Bai alleges both that six corporations (including 179 Smith St.) operated and did business as the restaurant <u>and</u> that Lin was the sole proprietor of Empire Buffet. But both of these allegations cannot be true: "A 'sole proprietorship' is a form of business in which one person owns all assets of a business, in contrast to a corporation . . . . A sole proprietorship has no separate legal existence or identity apart from the sole proprietor . . . . A corporation, by definition, is not a form of sole proprietorship." 18 C.J.S. <u>Corporations</u> § 4 (2014); <u>see also</u> BLACK'S LAW DICTIONARY (9th ed. 2009) (defining a sole proprietorship as "A business in which one person owns all the assets, owes all the liabilities, and operates in his or her personal capacity."); <u>U.S. Postal Serv. v. Net, Inc.</u>, 225 F.R.D. 416, 421 (E.D.N.Y. 2005) ("In contrast to a corporation, a sole proprietorship has no separate existence, but rather exists as the so-called 'alter ego' of the owner."). It is thus unclear whether the six corporate defendants owned and operated Empire Buffet or whether Lin owned and operated Empire Buffet and it is consequently unclear whether 179 Smith St. or Lin can be considered to have controlled Bai's employment.

Second, Bai does not allege that 179 Smith St., in participating in the operation of Empire Buffet, controlled the employment conditions of employees like Bai. Nor can the Court so infer from his limited allegations. He alleges only that 179 Smith St. was one of six corporations that "at various times" operated Empire Buffet and that 179 Smith St. was at one time located at the same address as Empire Buffet. But an entity might operate a restaurant without controlling employment, particularly when there are six entities participating in the operation. <u>See</u> <u>Wolman v. Catholic Health Sys. of Long Island, Inc.</u>, 853 F. Supp. 2d 290, 298–99 (E.D.N.Y. 2012) (concluding that allegations that entities work together or are a joint enterprise does not establish that entities are

joint employers); Sampson v. MediSys Health Network, Inc., No. CV 10-1342, 2012 WL 3027838, at *4 (E.D.N.Y. July 24, 2012) (same); Cannon v. Elliman, No. 06 Civ. 7092, 2007 WL 4358456, at *4 n.3 (S.D.N.Y. Dec. 10, 2007) ("[P]leading a joint venture does not trigger joint employer status because it is possible for joint venturers to separately employ different people for different aspects of a project."). And the mere fact that 179 Smith St. was located at the same address as the restaurant does not establish that it controlled employment, particularly because there were six entities located at that address. See Cannon, 2007 WL 4358456, at *4 (explaining that sharing an address does not establish that multiple companies are joint employers).

Third, Bai's allegations that Lin had the power to hire, fire, set wages, set work conditions, and maintain employment records are conclusory and inadequate to establish that Lin was an employer, as several courts in this circuit have held. See Gisomme v. Healthex Corp., No. CV 13-2541, 2014 WL 2041824, at *4 (E.D.N.Y. May 15, 2014) ("[P]laintiffs' conclusory allegations of Kearney's operational involvement and control of HealthEx and Courier and his alleged general power over various employment decisions are not sufficient to establish Kearney's status as plaintiffs' employer."); Bravo v. Established Burger One, LLC, No. 12 Civ. 9044, 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013) (explaining that plaintiffs failed to plead a claim because they alleged no "specific facts, aside from the elements of the 'economic reality test'"); Nakahata v. New York-Presbyterian Healthcare Sys., Nos. 11 Civ. 6658, 11 Civ. 6657, 11 Civ. 6366, 2012 WL 3886555, at *12 (S.D.N.Y. Sept. 6, 2012) ("These allegations are 'nothing more than conclusory allegations designed to satisfy the economic reality test.'"); Diaz v. Consortium for Worker Educ., Inc., No. 10 Civ. 1848, 2010 WL 391028, at *4 (E.D.N.Y. Sept. 28, 2010) ("The remaining allegations that touch

upon the factors of the economic reality test . . . are conclusory and insufficient to survive a motion to dismiss."); Tracy v. NVR, Inc., 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) ("I find that mere boilerplate allegations that an individual meets the various prongs of the economic reality test stated solely upon information and belief and without any supporting details . . . are insufficient.").

And fourth, Bai's allegations that Lin actually did hire, fire, set wages, and set work conditions for all employees including himself are based upon information and belief. Allegations based upon information and belief are adequate only if the relevant knowledge is solely within the possession of the opposing party or the plaintiff makes additional allegations that demonstrate the basis for the belief. Arista Records, LLC v. Doe, 604 F.3d 110, 120 (2d Cir. 2010); JBCHoldings NY, LLC v. Pakter, 931 F. Supp. 2d 514, 526–27 (S.D.N.Y. 2013). Neither of these scenarios exists here. Bai should have direct, personal knowledge of whether Lin hired him and set his wages and other terms of employment, or should at least be able to allege facts supporting his belief that Lin hired him and set his wages and other terms of employment. He has failed to do so.

The Court dismisses Bai's amended complaint without prejudice to the filing of a second amended complaint. When a complaint is dismissed, "the usual practice is to grant leave to amend the complaint," Hayden v. Cnty. of Nassau, 180 F.3d 42, 53 (2d Cir. 1999), unless there is evidence of undue delay, bad faith, undue prejudice, or futility, Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001). There is no evidence of these things here. Indeed, the affidavit that Bai submitted suggests that he may be able to adequately allege that the Moving Defendants were his employers.

## CONCLUSION

For the foregoing reasons, Moving Defendants' motion for judgment on the pleadings is GRANTED and Bai's amended complaint is dismissed without prejudice to the filing of a second amended complaint within 30 days.

SO ORDERED.

Dated: Brooklyn, New York
June 13, 2014

/s/
I. Leo Glasser
Senior United States District Judge