UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PENG BAI,

                  Plaintiff,

  -against-

FU XING ZHUO, BLUE SKY EEE INC., d/b/a
EMPIRE BUFFET, ZHI QUAN LIN, CHI FONG
EMPIRE, INC., YEH SHUI EMPIRE INC., WAN
HUI EMPIRE INC., QUEENS EMPIRE BUFFET
INC., and GRAND EMPIRE INC.,

                  Defendants.
-------------------------------------------------------------X
GOLD, S., U.S.M.J.:

MEMORANDUM
AND ORDER
13-CV-5790 (ILG)

## INTRODUCTION

Plaintiff Peng Bai brings this action on behalf of himself and all similarly situated individuals seeking unpaid minimum and overtime wages allegedly owed pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and New York State Labor Law. Second Amended Complaint, Docket Entry 55 ("Compl."), ¶¶ 1-2. Plaintiff alleges that he worked as a bus boy at a restaurant located on Crossbay Boulevard in Howard Beach from 2004 through 2013. Compl. ¶ 6. Plaintiff alleges that defendant Zhi Quan Lin was his employer from 2003 until May 6, 2011, and that the restaurant was owned and operated during this period through various corporations, including defendants Chi Fong Empire, Inc., Yeh Shui Empire Inc., Wan Hui Empire Inc., Queens Empire Buffet Inc., and Grand Empire Inc. Compl. ¶¶ 9, 22-26. Beginning on May 7, 2011, the restaurant was owned by defendant Blue Sky EEE, Inc. and managed and operated by defendant Fu Xing Zhuo. Compl. ¶¶ 18-21, 27-29.

Plaintiff now moves for an Order allowing him to pursue his case as a collective action pursuant to 29 U.S.C. § 216(b). Docket Entry 41. More specifically, plaintiff seeks conditional certification of a collective action on behalf of all non-managerial chefs, waiters, kitchen workers, dishwashers, bus persons, and delivery persons, who worked at the restaurant on Crossbay Boulevard during the three years prior to the filing of the motion, were paid on an hourly basis, and were not paid the wages they were due. Plaintiff's Memorandum of Law, Docket Entry 42 ("Pl. Mem."), at 4-5.

It is well settled that a magistrate judge has authority to decide a motion for certification of a collective action. *See*, *e.g.*, *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 383-84 (E.D.N.Y. 2010); *Gortat v. Capala Bros., Inc.*, 2010 WL 1423018, at *8 (E.D.N.Y. Apr. 9, 2010). I heard argument on plaintiff's motion on October 3, 2014. Docket Entries 67-68. For the reasons stated below, plaintiff's motion is denied.

## DISCUSSION

Section 216(b) of FLSA provides that "one or more employees" may move to have their case certified as a collective action "for and in behalf of himself or themselves and other employees similarly situated." *See also Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 103 (S.D.N.Y. 2003). Upon granting conditional certification, the court may authorize a FLSA plaintiff to provide written notice to potential plaintiffs of their right to join in the action. *Id.* at 104. After receiving the written notice, employees who seek to join the collective action "must 'opt in' and consent in writing." *Morales v. Plantworks, Inc.*, 2006 WL 278154, at *1 (S.D.N.Y. Feb. 2, 2006); *see also* 29 U.S.C. § 216(b). "[O]nly potential plaintiffs who 'opt-in' can be 'bound by the judgment' or 'benefit from it.'" *Gjurovich*, 282 F. Supp. 2d at 104.

2

Courts have broad discretion over whether to grant certification, what discovery to allow, and what form of notice to provide. *Mendoza v. Casa de Cambio Delgado, Inc.*, 2008 WL 938584, at *1 (S.D.N.Y. Apr. 7, 2008). Certification of a collective action "is only a preliminary determination as to which potential plaintiffs may in fact be similarly situated," and "merely provides an opportunity for potential plaintiffs to join." *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 81-82 (E.D.N.Y. 2008); *Gjurovich,* 282 F. Supp. 2d at 104. "After discovery, . . . the court examines with a greater degree of scrutiny whether the members of the plaintiff class – including those who have opted in – are similarly situated." *Laroque v. Domino's Pizza, LLC*, 2008 WL 2303493, at *4 (E.D.N.Y. May 30, 2008) (citing *Jacobs v. New York Foundling Hosp.*, 483 F. Supp. 2d 251, 265 (E.D.N.Y. 2007)).

To proceed with a collective action, "[t]he named plaintiff must . . . show that he is similarly situated to the prospective plaintiffs who would benefit from notice of the right to join." *Bowens*, 546 F. Supp. 2d at 81. Although neither FLSA nor its implementing regulations define the term "similarly situated," courts in this Circuit "have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Morales*, 2006 WL 278154, at *2; *see also Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010); *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 480 (E.D.N.Y. 2001) ("Generally, at the notice stage, courts require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan."). To determine whether this minimal burden has been met, courts consider the "(1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against notification to the class."

*Laroque*, 2008 WL 2303493, at *5 (quoting *Guzman v. VLM, Inc.*, 2007 WL 2994278, at *3 (E.D.N.Y. Oct. 11, 2007)) (internal quotation marks omitted). "Courts regularly grant motions for approval of a collective action notice based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees." *Sobczak v. AWL Indus., Inc.*, 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (internal quotation marks omitted).

Although only a modest showing is required of a plaintiff seeking leave to proceed pursuant to Section 216(b), "[a] plaintiff must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated . . . . Absent such a showing, an employer may be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." *Prizmic v. Armour, Inc.*, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (internal quotations omitted); *see also Khan v. Airport Mgmnt. Servs., LLC*, 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011) (noting that, "[w]hile plaintiff's burden at this stage is modest, it is not non-existent").

Plaintiff Bai's factual showing in support of his motion is limited to his own affidavits. Docket Entries 43-4 ("Bai Aff. 1") and 52-1("Bai Aff. 2"). In his first affidavit, Bai claims to have had relevant conversations with two waiters named Helen and Ahtang and with a watchperson named Mrs. Zheng. Helen and Ahtang reportedly told plaintiff that their only pay was tips, and that they were required to pay part of their tip income to their boss. Bai Aff. 1 ¶ 23. Plaintiff further alleges in his first affidavit that Zheng worked approximately 70 hours per week and was paid $1900 per month regardless of the number of hours she worked. Bai Aff. 1 ¶ 25. In his second affidavit, in addition to repeating these allegations concerning Helen, Ahtang and

4

Mrs. Zheng, plaintiff asserts that two waiters who are sisters were paid only in tips and shared tips with plaintiff and others. Bai Aff. 2 ¶¶11-13.

During oral argument, plaintiff's counsel conceded that he could not identify any precedent holding that the affidavit of a single plaintiff was a sufficient factual basis for obtaining leave to proceed as a collective action. Transcript of Proceedings Held on October 3, 2014, Docket Entry 67 ("Tr."), at 5. *See Zheng v. Good Fortune Supermarket Grp. (USA), Inc.*, 2013 WL 5132023, at *5-7 (E.D.N.Y. Sept. 12, 2013) (distinguishing cases that appeared at first to authorize collective actions on the basis of a single plaintiff's affidavit, but upon closer scrutiny in fact involved additional evidence).

Plaintiff's affidavits, moreover, provide an even weaker showing when read closely than at first appears. Although plaintiff's second affidavit states that Helen, Ahtang and Zheng worked for defendants until 2011, Bai Aff. 2 ¶¶ 8, 10, this turns out not to be so. Rather, as plaintiff's counsel acknowledged during oral argument, the Second Amended Complaint accurately alleges that each of these employees ceased working for any of the defendants in 2007. Tr. at 14; Compl. ¶ 66. This discrepancy not only calls the reliability of plaintiff's affidavit into question, but more significantly reveals that the pay practices experienced by Helen, Ahtang and Zheng took place outside of any applicable limitations period. The two sisters described by plaintiff as waitresses, meanwhile, are not identified by name, although plaintiff does provide the "nickname" of one of them. In addition, the sisters were not hired until defendant Zhuo began operating the restaurant, and thus were never employed by defendant Lin or any of the defendant entities he is alleged to have owned, controlled or managed. Thus, plaintiff has not identified a single individual other than himself who was employed by defendant Lin or those entities during the limitations period. In addition, the conversations about tips that

5

plaintiff claims he had with the sisters took place in March and April of 2013. Bai Aff. 2 ¶ 13. Plaintiff ceased working for defendants just one month later. Bai Aff. 2 ¶ 5. Accordingly, the information plaintiff claims he learned from the sisters is not reliable evidence of defendants' pay practices during the vast majority of the time period relevant to the pending motion.

Plaintiff's failure to present any evidence other than his own testimony is especially significant because he has already obtained some, albeit limited, discovery. While a plaintiff need make only a minimal showing when he seeks to proceed under Section 216(b) before taking discovery, a higher standard is imposed after discovery has been conducted. *See, e.g., Zheng*, 2013 WL 5132023, at *4. Here, although depositions going to the merits have not yet been held, plaintiff has received responses to interrogatories and documents demands. *See* Minute Entry for Telephone Conference held on August 18, 2014, Docket Entry 60. While it would not be appropriate to hold plaintiff to the higher standard that applies after discovery is complete, it is noteworthy that plaintiff has been unable to muster any corroborating evidence even after obtaining responses to his written discovery demands.

Finally, plaintiff's failure to submit an affidavit from any employee other than himself, even in reply to defendants' opposition, is particularly striking in light of defendants' repeated arguments in their opposition papers that a plaintiff's own affidavit, without more, is insufficient to support a motion for leave to proceed pursuant to Section 216(b). *Cf. Khan*, 2011 WL 5597371, at *5 (finding it "telling" that, "even after five months of preliminary discovery, [plaintiff] has been unable to produce a single other individual interested in participating as a plaintiff").

For all these reasons, plaintiff's motion seeking an Order granting collective action status pursuant to 29 U.S.C. § 216(b) and related relief is DENIED.

**SO ORDERED.**

_____/s/_____
**STEVEN M. GOLD**
**United States Magistrate Judge**

Brooklyn, New York
October 29, 2014

U:\smg current docs\Peng Bai 216(b) 102914.docx