UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
PENG BAI,

                                Plaintiff,

        - against -

FU XING ZHUO, et al.,

                             Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**

13-CV-5790 (ILG) (SMG)

GLASSER, Senior United States District Judge:

        In a Memorandum and Order ("M&O") dated October 29, 2014 (Dkt. No. 69), Chief Magistrate Judge ("MJ") Steven M. Gold denied plaintiff Peng Bai's request that he be permitted to pursue this case as a collective action under the relevant provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).  Plaintiff sought conditional certification of an opt-in class of non-managerial hourly-wage chefs, waiters, kitchen workers, dishwashers, bus persons, and delivery persons who worked at a restaurant located on Crossbay Boulevard in Howard Beach, New York (owned at various times by the defendants in this action) who were not paid the wages they were due.  MJ Gold found that the evidence plaintiff submitted in support of his motion did not satisfy even the modest burden required to secure conditional certification of a collective action under the FLSA.  Plaintiff now objects to MJ Gold's ruling, pursuant to Federal Rule of Civil Procedure 72(a).  Dkt. No. 74.  Familiarity with the underlying factual and procedural history of this litigation, as detailed in the M&O, is presumed here.

        A magistrate's decision regarding a non-dispositive pretrial matter may be modified or set aside by a district court if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a).  "Under this highly deferential standard, magistrate judges 'are

afforded broad discretion in resolving non[-]dispositive disputes and reversal is appropriate only if their discretion is abused.'" Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013) (quoting Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 282 F.R.D. 76, 78 (S.D.N.Y. 2012)).

The crux of plaintiff's argument is that MJ Gold abused his discretion by subjecting the motion for conditional certification to a higher evidentiary standard than is ordinarily required. A cursory reading of the M&O reveals that claim to be meritless. MJ Gold reviewed the two affidavits plaintiff submitted in support of his motion, found them to be factually inaccurate as to several allegations regarding plaintiff's purportedly similarly situated co-workers and "not reliable evidence of defendants' pay practices during the vast majority of the time period relevant to the . . . motion," and therefore ruled that those affidavits did not even make the "modest showing" required for preliminary certification pursuant to 29 U.S.C. § 216(b). See M&O at 3-6.

Given the above, and the relevant case law, it cannot be said that MJ Gold abused his discretion in finding plaintiff's bare-bones submissions insufficient to satisfy the lenient standard for conditional certification of a collective action under the FLSA. See, e.g., Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010) ("[t]he 'modest factual showing' [required for conditional certification under Section 216(b)] cannot be satisfied simply by 'unsupported assertions'" (internal citation omitted)); Zheng v. Good Fortune Supermkt. Grp. (USA), Inc., No. 13-CV-60, 2013 WL 5132023, at *5-7 (E.D.N.Y. Sept. 12, 2013) (declining to conditionally certify a collective action based solely on the

"conclusory and uncorroborated" statements of a single plaintiff).   Plaintiff's objections to MJ Gold's M&O are therefore OVERRULED in their entirety.[1]

       SO ORDERED.

Dated:      Brooklyn, New York
              December 29, 2014

                                          /s/
                                      I. Leo Glasser
                                      Senior United States District Judge

---

[1] Plaintiff also seeks to strike defendants' opposition to his objections as untimely.  See Dkt. No. 82. Plaintiff was not prejudiced by defendants' untimely submissions, and was able to submit a full reply. Furthermore, even were defendants' opposition papers to be stricken, the outcome here would be the same.  Plaintiff's motion to strike is therefore DENIED.